566 P.2d 1110

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Eric MUMMERT, Defendant-Appellant.**

**No. 12331.**

Supreme Court of Idaho.

July 18, 1977.

Robert E. Kinney, Chenoweth & Kinney, Orofino, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

On September 23, 1974, defendant-appellant Eric Mummert was placed on five

years probation for the crime of forgery. The terms of his probation required, inter alia, that he abide by the rules of probation as prescribed by the Board of Correction. The rules relevant to this appeal prohibited appellant from either purchasing or operating a motor vehicle without prior written permission.

On June 14, 1976, appellant appeared with counsel at a hearing to show cause why he should not be held in violation of his probation. During the hearing appellant candidly admitted that he had been driving an automobile throughout the term of his probation and had not requested permission to do so because he was afraid permission would be denied. He also admitted that he had recently purchased an automobile without seeking permission because the one he was driving had broken down.

The trial court found that appellant had violated the terms of his probation by purchasing and operating a motor vehicle without first obtaining written permission. The court ordered that appellant's probation be revoked and that he serve approximately three years in prison. Appellant contends on appeal that the terms of probation which he violated were invalid, that he was denied the effective assistance of counsel, and that the trial court was misled by certain testimony from appellant's probation officer. We find no reversible error, and therefore we uphold the order revoking appellant's probation and the judgment sentencing him to three years in prison.

■ Appellant first contends that the rules of probation which he violated were invalid because they were imposed by the Board of Correction rather than by the trial court. The order of probation issued by the trial court required appellant to obey the rules of probation as prescribed by the Board of Correction. These rules were contained in the "Agreement of Probation" which was given to and read by appellant when the court issued the probation order. Thus, there is no merit in the contention that these rules were not imposed by the court. *Franklin v. State,* 87 Idaho 291, 392 P.2d 552 (1964).

■ Appellant also argues that the rules which he violated are invalid because they are not reasonably related to his rehabilita-

tion. The purpose of probation is to give the defendant an opportunity to be rehabilitated under proper control and supervision. To accomplish this purpose, the district court has broad discretion in deciding upon the terms of probation. That discretion is not unbounded, however. The terms of probation must be reasonably related to the purpose of probation, rehabilitation. *State v. Sandoval,* 92 Idaho 853, 452 P.2d 350 (1969); *State v. Oyler,* 92 Idaho 43, 436 P.2d 709 (1968).

■ We believe that the rule prohibiting appellant from purchasing an automobile without permission was reasonably related to his rehabilitation. Appellant was placed on probation because he forged a payee's name on a check in order to cash it. His program of rehabilitation would logically include restrictions designed to keep him in sound condition financially so that he would no longer feel a need to resort to crime to maintain his lifestyle. Requiring that he request permission from, and therefore consult with, his probation officer before making a major purchase, such as buying an automobile, would thus reasonably be related to his rehabilitation.

We do not believe, however, that the rule prohibiting appellant from operating motor vehicle without permission was valid. The use of an automobile was not involved in the crime for which appellant was placed on probation. The state has presented no evidence that, as a general rule, restrictions on the use of an automobile are reasonably related to a probationer's rehabilitation. Likewise, it has presented no evidence that because of some aspect of appellant's personality or conduct, such restrictions were reasonably related to his rehabilitation. We therefore hold that the rule prohibiting appellant from operating a motor vehicle without prior written permission was invalid. The question then arises of whether the revocation of appellant's probation was also invalid. We do not believe that it was.

It is undisputed that appellant violated a valid condition of his probation when he purchased an automobile without first obtaining written permission. Upon finding that violation, the trial court then had to decide whether to revoke or to continue appellant's probation. By deciding to revoke, the court, in essence, concluded that

in appellant's case probation was an ineffective means of rehabilitation and that imprisonment was required both to protect society and to enhance the ultimate rehabilitation of appellant. Appellant's refusal even to attempt compliance with the driving restrictions is indicative of his unwillingness to comply with his probationary conditions. Thus, even though his failure to seek permission before driving could not constitute a probation violation, it would be relevant to the issue of whether probation could be an effective means of rehabilitation in appellant's case. We are therefore unconvinced that the district court would exercise its discretion differently if the case were remanded for a redetermination of whether to revoke or to continue appellant's probation.

Next, appellant contends that he was denied the effective assistance of counsel because the trial court did not offer his attorney an opportunity to make a closing argument before it entered its order revoking probation.[1] The trial court did not refuse to permit appellant's attorney to make a closing statement. Appellant's attorney never requested an opportunity to do so. Rather, error is predicated upon the trial court's failure to ask appellant's attorney if he desired to make a closing argument before the court announced its decision. We do not believe that this denied appellant the effective assistance of counsel.

Only two witnesses testified at the hearing. First, appellant's probation officer testified on behalf of the state, and then appellant testified on his own behalf. After both attorneys completed the examination of appellant, the trial court questioned him at length and then pronounced judgment. The facts surrounding appellant's probation violation were simple and uncontroverted. He admitted purchasing a motor vehicle with the knowledge that such act violated the terms of his probation. He presented no evidence in mitigation. Appellant's attorney was present throughout the hearing and was given ample opportunity to question the witnesses and to present

evidence. Under these circumstances, the failure to offer his counsel an opportunity to make a closing argument did not deprive appellant of the effective assistance of counsel. Cf. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

Finally, appellant contends that the trial court was misled by the testimony of his probation officer that appellant was charged with second degree burglary in Idaho County. The trial court did not find that the pending criminal charge was a probation violation. It was, however, one factor which influenced the court in deciding to revoke appellant's probation rather than to continue it. Appellant argues that the probation officer knew the charge was groundless as evidenced by his statement, made after judgment was announced, that the charge would probably be dismissed. After reviewing the record, we disagree.

At the conclusion of the hearing, the trial court asked the prosecutor whether he had made arrangements to transfer appellant to Idaho County to face the pending burglary charge. When the prosecutor answered in the negative, appellant's probation officer volunteered his opinion that based upon his prior experience with the Idaho County officials, the charge would probably be dismissed. It is apparent that he thought the charge would be dismissed because the Idaho County officials would discontinue their prosecution when they learned that appellant had just been sentenced to three years in prison as a result of his probation violation. There is nothing in the record to indicate that the probation officer thought that the burglary charge was groundless.

Accordingly, the order revoking appellant's probation and the judgment sentencing him to approximately three years in prison are affirmed.

BAKES, J., concurs in result.

---

1. Although the record is unclear, appellant was apparently placed on probation pursuant to a withheld judgment. Since he was therefore sentenced at the conclusion of the revocation hearing, he had the right to counsel during the hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).