687 P.2d 998
**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Robbie DAVIS, Defendant-Appellant.**

No. 15198.

Court of Appeals of Idaho.

Sept. 14, 1984.

Laird B. Stone, Deputy Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Rinda Ray Just, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In exchange for Robbie Davis' guilty plea to one felony count of passing a forged check, the state dismissed four other felony counts involving forged checks or forged credit card drafts. At a sentencing hearing Davis was offered probation subject to several conditions, including a requirement that she have no further contact with her boyfriend (Johnson), a convicted felon who was then incarcerated in the Ada County Jail. Davis refused to accept this condition and she was sentenced to the custody of the Idaho Board of Corrections for an indeterminate term not to exceed five years. The district judge retained jurisdiction under I.C. § 19–2601(4) for 120 days. When Davis had served four weeks of her sentence the district court reconsidered the sentence and placed Davis on probation after she agreed to abide by all of the court's conditions for probation, including the prohibition against contact with Johnson. Three months later Davis violated her probation by visiting Johnson at jail. At a probation revocation hearing, she argued that the probation should be reinstated without the term prohibiting contact with Johnson. The district court did reinstate Davis' probation but refused to change the conditions. Davis then brought this appeal. We find no error and, therefore, affirm the district court's order.

Davis contends that her relationship with Johnson had nothing to do with the criminal charges that initially brought her before the court and therefore the condition that she have no contact with him bears no reasonable relationship to the purpose of

probation. Davis further contends the sentencing judge abused his discretion by imposing a probation condition which was impossible for her to perform. We will examine these two issues in turn.

■ It is well accepted that the purpose of probation is to give the defendant an opportunity to be rehabilitated under proper control and supervision. To accomplish this purpose, the district court has broad discretion in deciding upon the terms of probation. However the terms of probation must be reasonably related to the purpose of rehabilitation. *State v. Mummert,* 98 Idaho 452, 566 P.2d 1110 (1977). As a condition of granting freedom to a probationer, society has the right to impose stringent limitations on behavior. This may include restrictions on important liberties, such as the right to travel, to change jobs or residences, or even to marry. Allowing probation authorities to monitor and enforce such limitations helps ensure that those under supervision will not revert to their former pattern of criminal conduct. *State v. Pinson,* 104 Idaho 227, 657 P.2d 1095 (Ct.App.1983). It has been established that a probationer may be reasonably restricted in associations with other members of the community in order to prevent future criminality. *State v. Donovan,* 568 P.2d 1107 (Ariz.App.1977); *State v. Allen,* 12 Or.App. 455, 506 P.2d 528 (1973).

In this case, Davis was ordered not to have any association or contact with a man who had been convicted of ten felonies and who was then serving a two-year jail sentence. Johnson has spent his entire adult life incarcerated except for fifteen months. He was awaiting sentencing for a felony perjury conviction when the probation hearing for Davis was conducted. The record shows that Johnson had placed phone calls to appellant, knowing that she would be violating her probationary terms by having any contact with him.

Davis' probation officer indicated that the relationship between appellant and Johnson was a negative influence on appellant. The presentence report described appellant to be an immature and naive person who could be influenced easily. The judge's statements on the record leave little doubt that he held the same views. The judge was convinced Johnson had not reformed and would "use" Davis any way he could. It was for those reasons that the trial judge imposed the special condition. The judge believed the restriction was absolutely essential to Davis' chances for rehabilitation. In our opinion, the reasons were sound. The record supports the judge's determination that a prohibition against contact with Johnson was reasonably related to the goal of rehabilitation.

■ Next appellant claims that the condition is impossible to perform due to the emotional bonds between her and Johnson as well as between her and his family. It has been established that a condition of probation which is "impossible of fulfillment" is improper. *State v. Oyler,* 92 Idaho 43, 436 P.2d 709 (1968). In *Oyler,* a probationer was ordered to refrain from use of alcoholic beverages for the term of his one-year probation. He had pleaded guilty to a charge of driving a motor vehicle while under the influence of intoxicating liquor. Oyler challenged the requirement at a probation revocation hearing, claiming that he was an alcoholic—a circumstance which made the condition impossible to perform. Our Supreme Court determined that if Oyler was an alcoholic and if the fact of his alcoholism made it impossible for him to refrain from the use of alcohol, then such a condition of probation would be improper. The case was remanded to the district court to determine if it was impossible for Oyler to refrain from the use of alcoholic beverages. *Oyler* and the case at bar have few similarities. Both medical and legal authorities have recognized that alcoholism renders some people powerless to abstain from drinking to excess. *Id.* at 46, 436 P.2d at 712. It should be noted that there is a distinction between impossibility and unwillingness. Here the district judge believed that Davis could make a choice. He expressly stated that

**218**

the condition was not impossible for her to fulfill. We agree.

Accordingly, the probation order is affirmed.