847 P.2d 1176

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael Von JONES, Defendant–
Appellant.**

No. 19533.

Court of Appeals of Idaho.

Feb. 3, 1993.

Petition for Review Denied
March 30, 1993.

Webb, Pedersen & Webb, Twin Falls, for defendant-appellant. Lloyd J. Webb, argued.

Larry J. EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

SILAK, Judge.

Michael Von Jones appeals the district court's decision to revoke his probation and withheld judgment, and entering a judg-

ment of conviction, based upon Jones's failure to file with his probation officer a truthful monthly report pursuant to the terms of his probation. For the reasons discussed below we affirm.

## FACTS

Pursuant to a plea bargain, Jones pled guilty to the felony charge of failure to deliver a certificate of title for a motor vehicle that he had sold in November, 1986 (former I.C. § 49–420, now codified as I.C. § 49–518). On July 14, 1989, judgment was withheld, and Jones was placed on twelve months' probation and ordered to pay restitution. Jones signed an "agreement of supervision" listing the conditions of his probation. The order of probation required Jones to subject himself to the rules of probation of the Board of Correction and the district court which included filing "a truthful, written report to [his] supervising officer each and every month."

In May, 1990, Jones was involved in a domestic dispute with his wife which resulted in a battery complaint being filed against him. Jones was subsequently served with the complaint by a law enforcement officer. In mid-June, 1990, the complaint was dismissed. Approximately one week before the complaint was dismissed, Jones filed his monthly written report. The form report included a question which asked whether the probationer had had any "contact" with law enforcement in the prior month. Jones answered the question in the negative.

On June 15, 1990, Jones's probation officer filed a report of probation violation alleging two violations: (1) Jones failed to obey all laws (condition number one) by being charged with a battery, and (2) Jones failed to submit a truthful, written report to his supervising officer (condition number three) by failing to report a contact with law enforcement. The alleged violation of condition number one was withdrawn by the prosecution. At the revocation hearing, the facts surrounding the incident with Jones's wife were stipulated. Jones's attorney made an offer of proof concerning the dates and events surrounding the dis-

missal of the complaint. There was no testimony presented in this phase of the proceeding.

The district court in its findings took note of Jones's attorney's statement that he had suggested to Jones that, because the battery complaint had been dismissed, Jones would not have to indicate on the report he had had contact with law enforcement. The court made the following oral findings:

The court finds [Jones] did enter into an agreement wherein he agreed to report to or he would submit a truthful report to his supervisor each and every month ... and that in fact, he did on the report filed in June for the month of May indicate that he had no contact with law enforcement officers, when in fact he had had contact. Of course, the Court's view is that is a violation. Certainly it may be a technical violation, but I think that the spirit of the probationer's agreement is such that they are to be quite strictly construed and they do serve the purposes as indicated by the prosecuting attorney in this case.

The court later made the following written findings of fact:

6. On August 1, 1989 the defendant entered into an agreement of supervision which contains a provision requiring him to submit a truthful written report to his supervising officer. Mr. Jones was aware of this provision.

7. The court finds the defendant did have contact with a law enforcement officer as a result of being served with a summons in May, 1990 and therefore did violate the terms of his probation order.

The district court concluded that Jones had knowingly, intelligently and voluntarily violated his probation. The court ordered the withheld judgment revoked, entered a judgment of conviction finding Jones guilty of the crime of failure to deliver a certificate of title and sentenced him to a twelve-month probation under the same terms as the previously granted probation on the withheld judgment. The court ruled that this probation had already been served. The court further concluded that the defen-

dant had otherwise complied with the terms of his probation, and that no purpose would be served by incarceration, fine or additional probation. Jones later moved to amend the district court's order, which motion was denied.

## STANDARD OF REVIEW

■ In a probation revocation proceeding, the district court confronts two issues: First, was a condition of probation actually violated? Ordinarily, this is a question of fact. Second, does the violation justify revoking the probation? This is a question addressed to the judge's sound discretion.

*State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct.App.1989). We review factual findings under the clearly erroneous standard. I.R.C.P. 52(a). As to the "clearly erroneous" standard, it has been equated to "substantial evidence" by this Court. "[C]lear error, in turn, will not be deemed to exist if the findings are supported by substantial and competent, though conflicting, evidence." *Muniz v. Schrader*, 115 Idaho 497, 767 P.2d 1272 (1989); *Rasmussen v. Martin*, 104 Idaho 401, 404, 659 P.2d 155, 158 (1983).

■ The district court's decision whether to revoke probation based upon a particular violation will not be reversed absent an abuse of discretion. I.C. § 20–222; *State v. Corder*, 115 Idaho 1137, 1138, 772 P.2d 1231, 1232 (Ct.App.1989). In reviewing the court's discretion, "our inquiry is whether the court acted within the boundaries of such discretion, consistent with any legal standards applicable to its specific choices, and whether the court reached its decision by an exercise of reason." *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App.1988). In *Hass*, we identified two standards governing the decision whether to revoke probation: (1) whether the probation is achieving the goal of rehabilitation, and (2) whether the probation is consistent with the protection of society. *Hass*, 114 Idaho at 558, 758 P.2d at 717.

■ The court's discretion to impose a term or condition is bounded by whether the term or condition of probation is rea-

sonably related to the purpose of probation, namely rehabilitation. *State v. Mummert*, 98 Idaho 452, 454, 566 P.2d 1110, 1112 (1977). The "reasonable relationship" is the legal standard by which the validity of a term or condition must be judged. Therefore, before a court reaches the factual predicate as to whether there was an actual violation, a determination must be made as to whether the term violated is valid. Whether the terms or conditions meet the legal standard is a question of law, *see Mummert*, 98 Idaho at 454, 566 P.2d at 1112, over which we exercise free review. *See, e.g., State v. Joyner*, 121 Idaho 376, 378, 825 P.2d 99, 101 (Ct.App. 1992); *State v. Ramirez*, 121 Idaho 319, 321, 824 P.2d 894, 896 (Ct.App.1991).

## ANALYSIS

Jones argues that the question on the monthly report requiring Jones to state whether he had any contact with law enforcement is not a valid rule of probation because it is immaterial. Jones does not argue that a truthful monthly report is an invalid condition. Jones points out that a term or condition must be clearly expressed or implied and must be related to both rehabilitation and the original crime convicted of to be valid. *State v. Hancock*, 111 Idaho 835, 838, 727 P.2d 1263, 1266 (Ct.App.1986); *see also Mummert*, 98 Idaho at 454, 566 P.2d at 1112; *State v. Sandoval*, 92 Idaho 853, 861, 452 P.2d 350, 358 (1969) (a condition must relate in some way to the crime).

■ The state agrees that a condition of probation must be "reasonably related to the purpose of probation, rehabilitation" and submits that the condition of reporting contact is valid because it serves the purposes of rehabilitation by allowing a probationer out into society "under proper control and supervision." The state points out that knowing whether a probationer has been contacted by law enforcement impacts the ability of the probation officer to supervise the probationer; to determine if the probationer is being rehabilitated from a life of crime and complying with other con-

ditions. We agree with the state's observations. The truthful reporting of a contact puts the probation officer on notice and gives the officer an opportunity to determine if the probationer's conduct is falling within the bounds expected of a probationer. A probation officer needs to know if a probationer has had any contact with law enforcement to determine if a probationer has engaged in conduct that constitutes criminal activity, for the purpose of determining if rehabilitation from the past crime is taking place. Accordingly, we hold that a question on a monthly report asking if there has been any contact with law enforcement personnel is valid because it is reasonably related to rehabilitation.

■ Jones also contends that the word "contact" is overbroad; it could mean the slightest contact such as buying a ticket to the Policeman's Ball. We disagree. To leave the determination of what is or is not a contact in Jones's hands would put Jones in the position of supervising himself. The requirement to report every contact puts the determination whether the reported contact is one requiring further investigation in the hands of the probation officer, where it must be. We hold that the condition that required Jones to report any contact is not overbroad.

Jones next argues that the court did not make a finding that he violated a specific condition of probation, namely, the court did not specifically find that Jones violated the condition to submit a truthful report, but rather found that Jones violated probation by having contact with law enforcement. The state claims that Jones failed to raise to the district court the issue of whether the "contact" was the actual violation, thus, he is barred from raising it on appeal. There is sufficient evidence in the record to indicate Jones considered the actual violation to be the contact and raised that point to the district court.

■ Jones points to the court's written finding number seven, quoted above, and urges a literal reading of the finding; Jones interprets the finding to mean the court found him in violation for having a "contact" with a law enforcement officer

and not for an untruthful report. The state argues that the violated condition it was prosecuting Jones for was his failure to provide a truthful report, not that he had a "contact." The record is clear that the state brought the revocation proceedings on a violation of the truthful report condition. Furthermore, Jones recognized this as the violated condition by the fact that his counsel stated "that he didn't give a truthful written report in violation of rule number three of the probation rules."

The court was required to make a predicate finding of fact that Jones did have a "contact" as contemplated by the monthly questionnaire before it could conclude that Jones violated the condition of truthful reporting. The record indicates that the court made the finding of fact that Jones actually had "contact" with law enforcement. The written findings by the court did not clearly state the violation was for non-compliance with condition three. However, after an extensive review of the record and the court's oral findings it is clear the court found Jones had not submitted a truthful report and that probation was revoked for violating that condition. Therefore, we find that there is substantial evidence in the record to support the district court's determination that Jones violated the truthful reporting condition.

■ Jones argues that a court may not arbitrarily revoke probation. We agree. A court must reasonably conclude from Jones's conduct that probation was not achieving rehabilitation. *Adams,* 115 Idaho at 1055, 772 P.2d at 263. In revoking Jones's probation the court stated that its "primary concern ... has to do with ... Mr. Jones's awareness of authority, and awareness that he is under supervised authority, and awareness that he is to follow that authority.... and not respecting [that] authority." We conclude from the record that the district court did not abuse its discretion by revoking Jones's probation.

## CONCLUSION

In conclusion, the condition that a probationer file a truthful written report, which

includes a question as to whether the probationer had contact with law enforcement, is valid as being reasonably related to rehabilitation. The district court's findings of fact were based upon stipulated facts and are not clearly erroneous. There was no abuse of discretion in the court's decision to revoke Jones's probation and withheld judgment. We affirm.[1]

WALTERS, C.J., and SWANSTROM, J., concur.

---

1. While we affirm the judgment of conviction entered in this case, we note that the unusual sentence to probation "already served" may enable *Jones to apply to the district court for* discretionary relief from the record of a felony conviction under I.C. § 19–2604. We express no view as to the merits of such an application, however.