867 P.2d 993

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael Travis JOSEPHSON, Defendant–Appellant.**

No. 20240.

Court of Appeals of Idaho.

Dec. 14, 1993.

Petition for Review Denied Feb. 18, 1994.

Robert R. Chastain, Boise, argued for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent. Michael A. Henderson argued.

LANSING, Judge.

This case presents a question of the validity of a warrantless search.

Michael Travis Josephson entered a conditional plea of guilty to possession of a controlled substance with intent to deliver, I.C. § 37–2732. Pursuant to I.C.R. 11(a)(2), he reserved the right to appeal the district court's denial of his motion to suppress evidence. Josephson contends on appeal, as he did before the district court, that the evidence should have been suppressed because it was obtained pursuant to an unconstitutional, warrantless search of his residence. Because we conclude that the search was legal, we affirm the denial of the motion to suppress.

The facts giving rise to Josephson's conviction in the instant case began with an earlier unrelated conviction on two counts of misdemeanor assault. For the misdemeanor assault convictions, on July 12, 1990, the district court for Ada County, Judge Gerald Schroeder presiding, sentenced Josephson to three months in county jail, a $300 fine, and 100 hours of community service on each count. The sentences were ordered to be served consecutively with credit for time served. Because Josephson had already spent nine months in jail awaiting trial, Judge Schroeder properly held that he had no further jail time to serve. The fine and community service were suspended, and Josephson was placed on two years' probation for each count with the probationary periods also to be served consecutively. The judgment of conviction set out terms of probation, including the condition that Josephson would consent to searches of his person or property and waive his constitutional right to be free from such searches. The record does not indicate that Josephson was informed of this condition of probation at sentencing or was provided a copy of the judgment at that time, but he was informed by the court that he would be "on the standard terms and conditions of probation."

Following his sentencing for the assault convictions, Josephson failed to report to his

probation officer. Consequently, on October 9, 1990, he was arrested on a bench warrant for absconding from supervision. The district court then released Josephson from custody upon the condition that he report to his probation officer and comply with the terms of probation. Two days later, Josephson met with his probation officer and signed a probation agreement, specifically initialing each term of the probation ordered by the district court. In accordance with the probation order, the probation agreement included a consent to search which stated:

> [T]he probationer does hereby agree and consent to the search of his person, automobile, real property, and any other property at any time and at any place by any law enforcement officer, peace officer, or probation officer, and does waive his constitutional right to be free from such searches.

On February 2, 1992, acting on an informant's tip, Josephson's probation officer and police officers entered and searched Josephson's residence. The officers did not obtain a warrant for the search, relying instead upon the consent in Josephson's probation agreement. Controlled substances and drug paraphernalia were seized, and Josephson was arrested for possession of a controlled substance with intent to deliver. It is that arrest and ensuing prosecution which gives rise to this appeal.

In defending against the charge of possession with intent to deliver, Josephson moved to suppress the evidence found during the search, arguing that the warrantless search violated the prohibitions against unreasonable searches and seizures of the Fourth Amendment to the United States Constitution and Article I, § 17 of the Idaho Constitution.[1] Specifically, he challenges the legality of Judge Schroeder's order placing him on probation and the validity of the waiver of his right against unreasonable searches and seizures, which was required as a condition of probation. Josephson urges that if Judge Schroeder's probation order itself was not lawful, or if the consent to search that was a condition of that probation was invalid, then the search of Josephson's residence was illegal, and the fruits of the search must be suppressed.

A number of the arguments presented by Josephson were previously raised by him in an appeal from Judge Schroeder's order in the assault case denying Josephson's I.C.R. 35 motion to have the probation deemed invalid.[2] In *State v. Josephson*, 124 Idaho 286, 858 P.2d 825 (Ct.App.1993) (hereinafter "*Josephson I*"), this Court affirmed Judge Schroeder's denial of that motion, and in so doing addressed several of the issues raised in the instant appeal. We there held that, although Josephson's full jail sentence had already been served when he was placed on probation, the district court had authority to order probation, suspending execution of the fine and community service components of the sentence. In *Josephson I*, we also held that the probation term requiring a consent to search was reasonably related to the purpose of Josephson's probation and that imposition of such a condition is not limited to cases where the convicted defendant is being conditionally released from incarceration. We will not review again those contentions that were fully considered and rejected by this Court in *Josephson I*. We will, however, consider two additional arguments not presented in *Josephson I*. These concern the voluntariness of his waiver of his Fourth Amendment rights and the authority of the courts to require such a waiver as a term of probation in misdemeanor cases.

## I. *Voluntariness of Josephson's waiver of his Fourth Amendment rights.*

▉ Josephson contends that the consent to searches of his person and property contained in the probation agreement was invol-

---

1. The parties do not assert that the protection against unreasonable searches and seizures created by Article I, § 17 of the Idaho Constitution differs in this case from that conferred by the Fourth Amendment of the United States Constitution. Therefore, for convenience, through the balance of this opinion we will refer only to the Fourth Amendment, but intend the same analysis to apply to Josephson's invocation of rights under Article I, § 17.

2. Josephson filed the Rule 35 motion in the assault case in May 1992, several months after his arrest in the present case.

untary. He asserts that his consent was coerced because, had he refused to sign, he would have been arrested for refusal to comply with the terms of probation and would have spent additional time in jail awaiting a hearing on the matter. The court below found that Josephson signed the consent knowingly, voluntarily and intelligently.

A question whether a waiver of Fourth Amendment rights was voluntary, knowing, and intelligent is a factual issue turning on the accused's state of mind, and lending itself best to resolution by the trial court. *State v. Gawron*, 112 Idaho 841, 736 P.2d 1295 (1987). Therefore, we defer to the factual findings of the trial court unless they are clearly erroneous. However, we exercise free review over the lower court's determination as to whether constitutional requirements have been satisfied in light of facts found. *State v. Weber*, 116 Idaho 449, 776 P.2d 458 (1989). We conclude that the district court's finding that Josephson's consent to search was voluntary is supported by the evidence and that Josephson's Fourth Amendment rights were not violated.

We recognize that when Josephson signed the probation agreement he had to weigh the possibility of re-arrest should he refuse to sign. However, that possibility alone does not render his decision to sign involuntary. The fact that a defendant considering proposed probation terms is faced with a choice between two alternatives, neither of which are to his liking, does not make the chosen alternative involuntary in a constitutional sense. If the rule were otherwise, any informed and intelligent guilty plea would be "involuntary" merely because the only alternative-submitting to a trial on the charges—is distasteful to the defendant.

Furthermore, the procedural history indicates that Josephson did not, in fact, consider the consent involuntary or objectionable until after a search pursuant to the consent resulted in his arrest. Had Josephson found the consent to search condition of probation to be too onerous, he had the right at any time to decline probation and instead serve the suspended portion of the sentence, *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Sandoval*, 92 Idaho 853, 861,

452 P.2d 350, 358 (1969); *Franklin v. State*, 87 Idaho 291, 392 P.2d 552 (1964), which in this case consisted of only a fine and community service. Josephson did not raise objection to terms of his probation before Judge Schroeder at the time of sentencing, when his probation officer presented him with the probation agreement in October 1990, when he appeared before Judge Schroeder on a subsequent probation violation report in August 1991, or at any other time prior to his arrest in the present case.

We conclude the district court did not err in holding that Josephson's waiver of his Fourth Amendment rights was voluntary.

II. *Authority of the court to require a waiver of Fourth Amendment rights as a condition of probation in misdemeanor cases.*

Josephson next contends that the consent to search clause in his probation agreement was invalid because misdemeanants, as distinguished from felons, may not be required to waive Fourth Amendment rights as a condition of probation. Josephson argues that the purpose of the Fourth Amendment would be eroded if sentencing courts are allowed to impose such terms of probation following misdemeanor convictions. This issue is one of law which we freely review. *State v. Jones*, 123 Idaho 315, 318, 847 P.2d 1176, 1179 (Ct.App.1993).

Idaho law plainly authorizes sentencing courts to place defendants on probation upon misdemeanor convictions. I.C. § 19–2601(6). In addition, a sentencing court may make the probation subject to "such terms and conditions as it deems necessary and expedient." I.C. § 19–2601(2). Our statutes make no distinction between felonies and misdemeanors with respect to the discretion afforded the sentencing court in fashioning terms of probation.

In a felony case, the requirement of a consent to search as a term of probation was upheld by our Supreme Court against a challenge that such a provision unreasonably invades Fourth Amendment rights. *State v. Gawron, supra.* Josephson points to no authority, and we have found none, for the

proposition that requiring a waiver of Fourth Amendment rights as a condition of probation is constitutionally impermissible if the offense committed was a misdemeanor rather than a felony. Therefore, we conclude there is no blanket prohibition against including a waiver of Fourth Amendment rights as a condition of probation whenever the offense for which probation is imposed is a misdemeanor.

 We do not imply, however, that such a probation term properly may be imposed in all cases. Our courts' discretion in setting terms of probation is not unbounded. As we stated in *Josephson I,* "A condition of probation must be reasonably related to the purpose of probation." Those purposes include fostering rehabilitation and protecting public safety. *State v. Gawron, supra; State v. Sandoval, supra.*

It may be argued that where those factors do not justify a consent to search requirement as a term of probation, imposition of such a probation condition would impermissibly invade Fourth Amendment protections. We need not decide that issue today, for this is not such a case. As noted in *Josephson I,* Judge Schroeder properly determined that the defendant's substance abuse was a significant factor that needed to be addressed during probation. The consent to search term was a permissible method to address the substance abuse problem—a problem that could impede rehabilitation and increase the risk of reoffense.

III. *Conclusion.*

For the reasons stated above, and those addressed in *Josephson I,* the imposition of probation upon Josephson's conviction of misdemeanor assault, and the requirement that Josephson waive his Fourth Amendment rights and consent to searches as a condition of that probation, were lawful. The finding of the district court that Josephson's waiver of his Fourth Amendment rights was voluntary, is supported by the evidence. There-

fore, the consent to search provision was valid when Josephson's residence was searched, and his motion to suppress evidence yielded by that search was properly denied.[3]

The order of the district court denying Josephson's motion to suppress and the judgment of conviction are affirmed.

WALTERS, C.J., and PERRY, J., concur.

---

3. The state has argued that even if Josephson's consent in his probation agreement was invalid, the warrantless search of his home was permissible under standards discussed in *State v. Vega,* 110 Idaho 685, 718 P.2d 598 (Ct.App.1986), and *State v. Pinson,* 104 Idaho 227, 657 P.2d 1095 (Ct.App.1983). Because we conclude that Josephson's consent to the search was effective, we need not address this alternative ground urged ·by the state for affirmance of the decision below.