932 P.2d 936

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael D. BREEDEN, Defendant–Appellant.**

**No. 22118.**

Court of Appeals of Idaho.

Feb. 10, 1997.

Paul B. Butler, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Jon T. Simmons, Deputy Attorney General (argued), Boise, for respondent.

LANSING, Judge.

Michael D. Breeden appeals from the order of the district court which extended the period of his probation. For the following reasons we affirm.

### FACTS AND PROCEDURAL BACKGROUND

Breeden pleaded guilty to a charge of grand theft by possession of stolen property, I.C. §§ 18–2403(4), –2407. In April 1988, the district court issued an order withholding judgment and placing Breeden on probation for a period of seven years. The conditions of the probation included a requirement that Breeden pay restitution in the amount of $46,588 plus interest. In August 1988, on a stipulation of the parties, the court ordered that the restitution be paid in minimum monthly installments of $150 or in such other monthly amount as Breeden's probation officer might authorize. Breeden made monthly payments in compliance with this order. These payments were insufficient, however, to discharge the restitution amount. Near the end of the seven-year probationary period, the State filed a motion to extend Breeden's probation for an additional seven years,

or until outstanding restitution is paid in full, whichever comes first. The State also asked for an increase in the monthly payments. The district court granted both requests.

Breeden appeals, asserting that he fulfilled all the conditions of probation during the initial seven-year term, that he therefore qualified for release from probation, and that the district court erred in lengthening the probationary period. The State counters that Breeden's probation agreement required that he pay the entire amount of restitution and that the district court properly extended Breeden's probation because that restitution had not been paid in full.

## ANALYSIS

Idaho Code § 19-2601(3) authorizes the district court to grant a withheld judgment and place the defendant on probation. *See Peltier v. State,* 119 Idaho 454, 460, 808 P.2d 373, 379 (1989). After the court has granted probation, I.C. § 20-222 empowers the court to extend the probation period, so long as the total term does not exceed the maximum period for which the defendant might have been imprisoned.[1] I.C. § 20-222; *State v. Gallipeau,* 128 Idaho 1, 5, 909 P.2d 619, 623 (Ct.App.1994). Determining whether to extend the probationary period is a discretionary decision for the trial court. Accordingly, we examine this decision for an abuse of discretion.

Breeden argues that it was an abuse of the trial court's discretion to extend his probation for an additional seven years after he had complied with all of the conditions of his probation during the initial seven-year term. It is unfair, Breeden avers, to "penalize" a probationer by extending the probation term when he has performed in good faith all of the conditions theretofore imposed. Central to this argument is Breeden's assertion that under the orders governing his original seven-year probation period, he was not required to pay restitution in full, but only to remit the minimum monthly installments. He contends that the August 1988, order modifying the probation terms eliminated the requirement of payment of the full restitution amount and substituted a requirement of minimum monthly installments. Therefore, he avers, he was in full compliance with probation terms even though, at the end of the first seven years, complete restitution to the victim had not been accomplished.

We conclude that Breeden is incorrect in his contention that full restitution was not a condition of his initial probation term. The Order Withholding Judgment and Order of Probation issued after Breeden's April 1988, sentencing hearing provided:

> Probation is granted to and accepted by the probationer, subject to all its terms and conditions

> . . . .

> Defendant shall pay restitution to the Ada County Prosecutor's Office in the amount of $46,588.00 and 18% interest. . . .

Court minutes indicate that at the April 1988, hearing the court informed Breeden that an amount for restitution installment payments would be determined by the probation officer and that the probationary period could be extended if restitution were not paid in full during the initial seven-year term. Thus, it was contemplated at the time of the original probation order that a monthly payment schedule would be established thereafter and that the probation term might be lengthened. The subsequent order of August 12, 1988, specifying the minimum payment of $150, did not retract the requirement of full restitution but merely set out a minimum payment plan in accordance with the court's intent at the time of the initial probation order. Hence, Breeden is incorrect in asserting that complete restitution was not required and that he had satisfied all the conditions of his probation when the court extended the probation term for another seven years.

Breeden next argues that the extension was an abuse of discretion because it served no rehabilitative purpose but, rather, was ordered for the sole purpose of providing a convenient collection mechanism for the

---

**1.** Under I.C. § 18-2408 the maximum sentence for grand theft by possession of stolen property is fourteen years. Therefore, the order in question lengthened Breeden's probation to the maximum permissible term.

victim. While we agree with Breeden's assertion that the conditions of probation must be reasonably related to the purpose of probation, *State v. Gawron,* 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Mummert,* 98 Idaho 452, 454, 566 P.2d 1110, 1112 (1977); *State v. Josephson,* 125 Idaho 119, 123, 867 P.2d 993, 997 (Ct.App.1993), we do not agree that an order for payment of restitution fails to meet this criterion. The goal of probation is to foster the defendant's rehabilitation while protecting public safety. *Gawron, supra; Josephson, supra; State v. Boss,* 122 Idaho 747, 748, 838 P.2d 876, 877 (Ct.App.1992). A restitution requirement facilitates rehabilitation by confronting the defendant with the consequences of his or her criminal conduct and forcing the defendant to accept financial responsibility for the resulting harm. Restitution orders also promote public safety by exacting a "price" for the crime, which may deter the defendant and others from such offenses. *Cf. State v. Cross,* 105 Idaho 494, 670 P.2d 901 (1983) ($25,000 fine would serve rehabilitative purpose and possibly deter future illegal activity.). Thus, the extension of Breeden's probation period to ensure continued restitution payments was related to the purpose of probation.

 Finally, Breeden vigorously argues that a requirement that he pay full restitution to the victim is an abuse of the court's discretion because it imposes a condition of probation that is impossible for Breeden to satisfy. Breeden points out that even if he faithfully adheres to the current payment schedule, after serving fourteen years on probation, he will not have discharged the restitution obligation. Rather, because Breeden's payments are insufficient to cover even accruing interest, by the end of the probation term the obligation will have grown to nearly double in size.

Breeden is correct in asserting that it is improper for a court to impose a condition of probation that is impossible of fulfillment by the particular probationer. *State v. Sandoval,* 92 Idaho 853, 861, 452 P.2d 350, 358 (1969); *State v. Oyler,* 92 Idaho 43, 45, 436 P.2d 709, 711 (1968); *State v. Davis,* 107 Idaho 215, 217, 687 P.2d 998, 1000 (Ct.App. 1984). When a court orders restitution in connection with criminal proceedings it may take into account the defendant's financial resources and earning ability and may choose a sum for restitution that is less than the entire amount of the victim's loss. I.C. § 19–5304(7). Unfortunately, however, Breeden raises this issue for the first time on appeal. He did not object to this condition when probation was granted in 1988 and he has never filed a motion for modification of this probation condition on the ground of impossibility. This Court will not consider on appeal issues that were not presented to the trial court. *State v. Russell,* 122 Idaho 488, 490, 835 P.2d 1299, 1301 (1992); *State v. Dorsey,* 126 Idaho 659, 662, 889 P.2d 93, 96 (Ct.App. 1995); *State v. Hernandez,* 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991). Accordingly, we decline to address Breeden's argument concerning the reasonableness of the amount of restitution ordered. Breeden remains free to raise this issue before the trial court by a motion for modification of the probation terms should he wish to do so.

Breeden has not demonstrated any error in the district court's order extending the term of his probation. Therefore, the order is affirmed.

WALTERS, C.J., and PERRY, J., concur.