IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39200

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 405 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 16, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OSA JERIMIAH McDONALD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Appeal from order denying I.C.R. 35 motion for correction of illegal sentence, dismissed.

Osa Jerimiah McDonald, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Osa Jerimiah McDonald pled guilty to burglary. I.C. § 18-1401. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced McDonald to a unified term of five years, with a minimum period of confinement of two years, but suspended the sentence and placed McDonald on probation. McDonald thereafter admitted to violating the terms of his probation. The district court, however, entered an order reinstating McDonald's probation, but extended it for three years. McDonald again admitted to violating the terms of his probation. The district court revoked probation and ordered execution of McDonald's original sentence. McDonald filed an I.C.R. 35 motion for reduction of sentence. The district court granted McDonald's Rule 35 motion, again suspended the sentence and placed McDonald on supervised probation. The state alleged that McDonald again violated the terms of his probation.

1

McDonald filed an I.C.R. 35 motion for correction of an illegal sentence, which the district court denied. Thereafter, McDonald admitted that he had violated the terms of his probation. The district court revoked McDonald's probation, ordered execution of his sentence, but reduced McDonald's sentence to one year, with credit for 363 days he had already served. McDonald filed two Rule 35 motions to correct an illegal sentence, which the district court denied. McDonald appeals.

McDonald's claim on appeal is that the district court abused its discretion by denying his motion to correct an illegal sentence. The state argues this issue is moot because McDonald has served his sentence. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). The only relief McDonald has requested on appeal cannot be granted to him by the district court because McDonald has served his sentence. Therefore, we conclude the only issue raised in this appeal is moot.[1] Accordingly, McDonald's appeal is hereby dismissed.

---

[1] Even if we were to consider McDonald's appeal, it would have no merit. McDonald contends that I.C. § 19-2601(7) prohibits a period of probation which exceeds the term of the unified sentence imposed. In fact, the statute permits a period of probation not to exceed the maximum period for which the defendant might have been imprisoned. *See State v. Breeden*, 129 Idaho 813, 815, 932 P.2d 936, 938 (Ct. App. 1997).