**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47680**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 12, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ZOE RENEE BARHAM, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order denying motion to strike condition of probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Zoe Renee Barham appeals from the district court's order denying her motion to strike the condition of her probation authorizing a warrantless search by law enforcement. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Barham was charged with felony insurance fraud under Idaho Code § 41-293. The charges arose after Barham's insurance company reported to the State that Barham had made a claim for an accident which occurred prior to her purchase of an automobile insurance policy. After a guilty verdict at trial, the district court sentenced Barham to a unified term of five years, with two years determinate, suspended her sentence, and placed her on probation for three years.

At the sentencing hearing, the district court outlined the conditions of Barham's probation, including a waiver of her Fourth Amendment rights, which required that Barham

1

consent to searches conducted by both the Idaho Department of Correction and law enforcement. Barham agreed to these conditions, but objected to the Fourth Amendment waiver as far as it required her to submit to searches by law enforcement officers. The district court noted Barham's objection, invited her to file a motion, and entered a judgment of conviction along with an agreement of supervision which included the complete Fourth Amendment waiver.[1]

Barham filed a brief in support of her motion to strike the waiver condition, along with an affidavit attaching the judgment of conviction, the agreement of supervision, and a partial transcript from an unrelated case involving a law enforcement search of a probationer's vehicle.[2] Barham argued that the Fourth Amendment waiver, to the extent that it allowed searches by law enforcement, was both unconstitutional and not reasonably related to the goals of probation. The district court issued a memorandum decision denying Barham's motion, stating that Barham failed to submit an affidavit with facts to support her requested modification as required by I.C. § 20-221(2), and outlining multiple cases where such waivers were upheld in Idaho. Barham timely appeals.

## II.

## ANALYSIS

Barham argues the district court erred by denying her motion to strike the Fourth Amendment waiver condition as it related to law enforcement. Specifically, Barham argues that she was not required by I.C. § 20-221(2) to include an affidavit with facts in support of her motion, and that the Fourth Amendment waiver as to searches by law enforcement is not reasonably related to the goals of her probation.

Idaho Code § 20-221(2) permits a probationer to "request to modify the terms and conditions of probation" and requires that such requests be supported by an affidavit "setting forth the facts upon which the request is based." Barham concedes that her motion did not include an affidavit with facts in support, but argues that it was not necessary because her motion was not based on new or additional facts subsequent to the sentencing hearing. The motion, she argues, was a continuation of her objection made at the sentencing hearing. However, this argument highlights the problem with filing a motion under I.C. § 20-221(2) to challenge the legality of a condition of probation. Idaho Code § 20-221(2) is meant to give probationers a

---

[1]     Barham did not file an appeal from her judgment of conviction.

[2]     While Barham filed a brief in support of her motion, a motion was never filed.

2

method to request modifications of the terms and conditions of probation based on changing facts and circumstances, not provide an avenue to reconsider an objection made on legal bases during sentencing. Barham could have argued that the Fourth Amendment waiver was unconstitutional and unrelated to the goals of her probation at sentencing, and filed an appeal from the entry of judgment if needed. Since she instead attempted to utilize I.C. § 20-221(2), we hold that the district court did not abuse its discretion in requiring an affidavit with facts in support of her motion as required by I.C. § 20-221(2). Further, I.C. § 20-221(2) does not contain an exception to the requirement to file an affidavit based on the nature of the defendant's arguments in support of the motion.

Moreover, even if I.C. § 20-221(2) were not at issue here, Barham still failed to show that the law enforcement search term of her probation was not reasonably related to the goals of probation. The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Breeden*, 129 Idaho 813, 816, 932 P.2d 936, 939 (Ct. App. 1997); *State v. Josephson*, 125 Idaho 119, 123, 867 P.2d 993, 997 (Ct. App. 1993). Toward that end, a trial court is authorized to make probation subject to "such terms and conditions as it deems necessary and appropriate." I.C. § 19-2601(2). These terms and conditions "may include restrictions on important liberties, such as the right to travel, to change jobs or residences, or even to marry." *State v. Davis*, 107 Idaho 215, 217, 687 P.2d 998, 1000 (Ct. App. 1984). Although trial courts have broad discretion in the imposition of restrictive terms, the conditions of probation must be reasonably related to the rehabilitative and public safety goals of probation. *Gawron*, 112 Idaho at 843, 736 P.2d at 1297; *State v. Mummert*, 98 Idaho 452, 454-455, 566 P.2d 1110, 1112-1113 (1977); *Breeden*, 129 Idaho at 816, 932 P.2d at 939. Whether the terms and conditions of a defendant's probation are reasonably related to the goals of probation and whether constitutional requirements have been satisfied are legal questions over which we exercise free review. *State v. Brauch*, 133 Idaho 215, 218, 984 P.2d 703, 706 (1999); *State v. Jones*, 123 Idaho 315, 318, 847 P.2d 1176, 1179 (Ct. App. 1993).

Barham argues that there is nothing about the nature of insurance fraud that generates a need for law enforcement to search her, her home, or her belongings without reasonable suspicion or approval from her probation officer. As the district court noted, Barham does not argue that she should be free from all warrantless searches, only that a probation officer should

3

be involved. Barham therefore concedes that warrantless searches conducted with the involvement of probation officers are reasonably related to the goals of probation, but argues that such searches by law enforcement officers are not. She provides no explanation as to why a search under identical circumstances would be related to the goals of her probation if conducted by or with input from a probation officer, but not if conducted by a law enforcement officer aware that she was on probation. Such a distinction is belied by multiple cases outlined by the district court where law enforcement officers conducted searches pursuant to a waiver. *See Gawron*, 112 Idaho at 841, 736 P.2d at 1295; *State v. Purdum*, 147 Idaho 206, 207 P.3d 182 (2009); *State v. Turek*, 150 Idaho 745, 250 P.3d 796 (Ct. App. 2011); *State v. Armstrong*, 158 Idaho 364, 347 P.3d 1025 (Ct. App. 2015).

Further, to the extent Barham is concerned that law enforcement officials may use her waiver to justify an unreasonable search at some point in the future, her Fourth Amendment rights are not completely obliterated by her waiver. *State v. Maxim*, 165 Idaho 901, 907, 454 P.3d 543, 549 (2019). Were an unreasonable search to occur, Barham could challenge it in a motion to suppress. The possibility of a future unreasonable search by a law enforcement officer does not make the waiver any less related to the goals of her probation. Therefore, the district court did not err when it denied Barham's motion to strike the probation condition authorizing warrantless searches by law enforcement.

### III.
### CONCLUSION

The district court did not err by denying Barham's motion to strike a condition of her probation. Accordingly, the district court's order denying Barham's motion is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

4