**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47685**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: February 12, 2021** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| CHELLIE LORENE BAKER-VARNEY, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Order denying motion to modify terms and conditions of probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Chellie Lorene Baker-Varney appeals from the district court's order denying her motion to modify the terms and conditions of her probation. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Baker-Varney with possession of methamphetamine, Idaho Code § 37-2732(C); possession of drug paraphernalia, I.C. § 37-2734A; and misdemeanor petit theft, I.C. §§ 18-2403(1), -2407(2), -2409. The charges arose after an Ada County Sheriff's Deputy stopped a vehicle driven by Baker-Varney because he observed the vehicle parked behind a thrift store and an individual using a flashlight to look inside the donation bins. Upon stopping the vehicle, the deputy noticed a large rug that spanned the length of the vehicle. Baker-Varney admitted that she and her passenger, Ivan Rawls, took the rug and a box of drinking glasses from

1

the thrift store for Baker-Varney's home. Baker-Varney agreed to empty her pockets revealing a baggie and metal vials containing illegal narcotics. Consequently, Baker-Varney was charged with the above-listed offenses.

The parties entered into a plea agreement whereby Baker-Varney agreed to plead guilty to possession of methamphetamine and the State agreed to dismiss the remaining charges. The district court sentenced Baker-Varney to a one-year determinate term, suspended the sentence, and placed her on probation for three years. The terms of Baker-Varney's probation included the conditions that she have no contact with Jerry Brazzell, a parolee and Baker-Varney's fiancé with whom she resided for six years prior to the offenses, and Ivan Rawls, Brazzell's nephew. In addition, condition 7 stated: "The defendant may not live with anyone who is on probation or parole or who has been convicted of any drug offense."

Baker-Varney filed a motion to amend the terms and conditions of her probation. The motion read in full as follows:

> COMES NOW, Chellie Lorene Baker-Varney, [] and moves this Court to amend the "Judgment of Conviction, Suspended Sentence, and Order of Probation.["] More specifically, the defendant respectfully requests that condition No. 6 of the defendant's judgment stating "The defendant shall have no contact with Jerry Brazzell" be amended to allow contact at the discretion of the probation and parole officers, as said term is not reasonably related to her rehabilitation. See attached parole officer notes for Mr. Brazzell.

After a hearing, the district court denied Baker-Varney's motion to modify the terms of her probation. Baker-Varney timely appeals.

## II.

## ANALYSIS

Baker-Varney argues that the district court erred by denying her motion to modify the terms of her probation. Specifically, Baker-Varney contends that the condition prohibiting her from living or associating with Jerry Brazzell was not reasonably related to the goals of her probation.

The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Breeden*, 129 Idaho 813, 816, 932 P.2d 936, 939 (Ct. App. 1997); *State v. Josephson*, 125 Idaho 119, 123, 867 P.2d 993, 997 (Ct. App. 1993). Toward that end, a trial court is authorized to make probation subject to "such terms and conditions as it deems necessary and appropriate." I.C. § 19-2601(2). These terms and conditions "may include restrictions on important liberties, such as the right to

2

travel, to change jobs or residences, or even to marry." *State v. Davis*, 107 Idaho 215, 217, 687 P.2d 998, 1000 (Ct. App. 1984). Although trial courts have broad discretion in the imposition of restrictive terms, the conditions of probation must be reasonably related to the rehabilitative and public safety goals of probation. *Gawron*, 112 Idaho at 843, 736 P.2d at 1297; *State v. Mummert*, 98 Idaho 452, 454-455, 566 P.2d 1110, 1112-1113 (1977); *Breeden*, 129 Idaho at 816, 932 P.2d at 939. Whether the terms and conditions of a defendant's probation are reasonably related to the goals of probation and whether constitutional requirements have been satisfied are legal questions over which we exercise free review. *State v. Brauch*, 133 Idaho 215, 218, 984 P.2d 703, 706 (1999); *State v. Jones*, 123 Idaho 315, 318, 847 P.2d 1176, 1179 (Ct. App. 1993).

In the presentence investigation report and at the sentencing hearing, Baker-Varney admitted that she was a recovering drug addict, she was sober for nine years prior to relapsing, and had been living with Brazzell for the past seven years. In addition, Baker-Varney admitted that she relapsed six months before the offenses in this case. At the sentencing hearing, she claimed that Brazzell was unaware of her relapse. When imposing her sentence, the district court stated:

> I suppose I could conclude that one of the things that led you to make this six-month series of poor decisions was because you chose to hang around with other people who were making poor decisions.
> You tell me that you met this person and you knew instantaneously that she was an addict, but your boyfriend, who has a history of substance abuse who lives with you, didn't know you were using for six months, and, I'll tell you, that's just hard for me to believe. Particularly when it's his nephew that you're running around and stealing things with, and so, maybe, probation should simply be designed to keep you away from people who are bad influences on your life.
> . . . .
> I realize that's where you're living now. Essentially, you're going to have to find another place to live.

In response, defense counsel inquired, "And, Your Honor, was that she cannot reside with him, or is that a strict no contact order with Mr. Brazzell?" The Court replied, "No contact. I don't want her associating with people who have drug histories, and from what I can tell Mr. Brazzell has one." Ultimately, Baker-Varney agreed to the terms of probation.

Later, and as set forth above, Baker-Varney filed a motion to modify the terms of her probation. At the hearing on her motion, Baker-Varney argued that many years previously she was a convicted felon, Brazzell had "been on supervision for several years," and they had "been residing together with the blessing of his parole officer." In response, the district court pointed

out that the couple were residing together when Baker-Varney "chose to commit this offense, so we can see how well that worked out." The district court concluded by stating:

> Well, as I indicated to Ms. Baker-Varney at the sentencing, [] I find it unlikely that she would have relapsed for the period of time she claims to have relapsed, and her live-in paramour, fiancé, whatever you want to call him, is unaware of it, and if he's on probation living with someone using controlled substances, that puts his freedom at risk.
>
> Certainly, he was apparently unwilling to report her use of drugs to others, including his parole officer. I think that that creates a risk that he'll violate his parole and may lead to him committing new crimes. Certainly, that's not conducive for her sobriety or her ceasing to commit crimes, because she's not being held accountable when he's, I'm confident, aware that she was using drugs.
>
> She choses [sic] to be with a member of his family and go out to commit drugs. It does not appear to me that her relationship with Mr. Bra[z]zell is one that's conducive to their compliance with the law, her continued sobriety, and that is why I imposed that condition.
>
> I'll be honest with you, Ms. Baker-Varney, my inclination was simply to send you to prison for this charge. I was persuaded to give you the opportunity on probation. I was willing to give you that opportunity upon that condition for the reasons I've just stated, and, so I realize that's a hardship on you. It's probably less of a hardship than going to prison which is what I was initially inclined to do.

On appeal, Baker-Varney contends that contrary to the district court's conclusion, she was living in a stable home with Brazzell for years prior to her relapse and there was no evidence that Brazzell "knew of, encouraged, or covered-up Ms. Baker-Varney's methamphetamine relapse." Thus, Baker-Varney argues that the condition imposed by the district court was unreasonable, arbitrary, and contrary to any goal of probation. We disagree.

We conclude that the district court did not err by refusing to modify the terms and conditions of Baker-Varney's probation. Based on our review of the record, the condition imposed by the district court was reasonably related to Baker-Varney's rehabilitation. The record indicates that Brazzell is on parole for second degree murder and while on supervision, as defense counsel put it at the hearing on Baker-Varney's motion to modify, his only failure is that he "has consumed Nyquil. It seems that he's got a thing for cough syrup." As set forth above, Baker-Varney was residing with Brazzell when she relapsed, she was with Brazzell's nephew when she committed the crimes, and she was under the influence of methamphetamine and marijuana at that time. In addition, the presentence investigation report indicates that Baker-Varney's relapse lasted at least six months and she admitted "using methamphetamine and marijuana daily for approximately six months prior to the instant offense." Moreover, Baker-Varney stated "I have been smoking

4

marijuana to help manage my chronic pain. I smoked it almost daily for the past 6-7 months. . . . [And] I used meth IV (intravenously) just about every day for about 6 months." Although Baker-Varney claimed that Brazzell was unaware of her relapse, it is evident from the district court's statements that the court did not find Baker-Varney's claim credible. The district court was concerned that Baker-Varney's continued involvement with Brazzell would jeopardize her ability for rehabilitation. The evidence supports the court's conclusions. Therefore, we conclude that the district court did not err by denying Baker-Varney's motion.

## III.

## CONCLUSION

The district court did not err by denying Baker-Varney's motion to modify the terms and conditions of her probation. Accordingly, the district court's order denying Baker-Varney's motion to modify the terms and conditions of her probation is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.