**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49765 & 49766**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 28, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SCOTT MICHAEL WENSEL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes and Hon. Scott Wayman, District Judges.

Judgments of conviction and concurrent, unified sentences of five years, with minimum periods of confinement of three years for possession of a controlled substance and introduction of major contraband into a correctional facility, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

In these consolidated appeals, Scott Michael Wensel pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), and introduction of major contraband into a correctional facility, I.C. § 18-2510(3). In exchange for his guilty pleas, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Wensel to concurrent, unified terms of five years, with minimum periods of confinement of three

1

years. Wensel filed I.C.R. 35 motions, which the district court denied. Wensel appeals, arguing the district court erred when it did not place him on probation, that his sentences are excessive, and that the district court erred in denying his Rule 35 motions for reduction of his sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

We note that the decision to place a defendant on probation is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Wensel's Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Wensel's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Wensel's judgments of conviction and sentences, and the district court's orders denying Wensel's Rule 35 motions, are affirmed.