**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43263**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 7 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 10, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEVIN DONALD CHEATHAM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order denying motion to amend judgment, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Jay W. Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Kevin Donald Cheatham appeals from the district court's order denying his motion to amend judgment. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Cheatham with grand theft by possession of stolen property, Idaho Code § 18-2403(4). Cheatham pled guilty, and the district court suspended his sentence in favor of two years of probation.

One of Cheatham's probation conditions stated, "The defendant shall not reside in any location that contains firearms unless the firearms are secured and this portion of the rule is exempted in writing by the district manager." Cheatham's father owned several firearms that were kept in a locked safe inside a locked room at their home. Cheatham's father kept the keys

1

for both the cabinet and the room. Because Cheatham planned to reside at his parents' home during his probation and the district manager did not exempt Cheatham from this condition, Cheatham's father stored his firearms at a friend's house in order to comply with the condition.

Cheatham subsequently moved to eliminate the condition. At the motion hearing, the district manager testified that the purpose of the condition was to protect probationers from charges for possessing a firearm and prevent dangerous situations for probation officers, probationers, and occupants of probationers' residences. The district manager also testified that he generally does not allow exceptions to the condition but he may allow an exception if the probationer lives with someone in law enforcement, and depending on the probationer's crime, the security of the firearms, and the probation officer's concerns. His justification for allowing this exception was that law enforcement personnel are required, by their employers, to have firearms in the home.

The district court held the condition was "related to the specific facts and circumstances of this case" and its imposition was not arbitrary or capricious because Cheatham had "control of the residence for long uninterrupted periods" and had agreed to the condition by signing his probation agreement. Accordingly, the court denied the motion. Cheatham timely appeals.

## II.

## ANALYSIS

Cheatham argues the condition and its application by the district manager were not reasonably related to the goals of probation and violated his constitutional rights. The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Breeden*, 129 Idaho 813, 816, 932 P.2d 936, 939 (Ct. App. 1997); *State v. Josephson*, 125 Idaho 119, 123, 867 P.2d 993, 997 (Ct. App. 1993). Toward that end, a trial court is authorized to make probation subject to "such terms and conditions as it deems necessary and appropriate." I.C. § 19-2601(2). These terms and conditions "may include restrictions on important liberties, such as the right to travel, to change jobs or residences, or even to marry." *State v. Davis*, 107 Idaho 215, 217, 687 P.2d 998, 1000 (Ct. App. 1984). Although trial courts have broad discretion in the imposition of restrictive terms, the conditions of probation must be reasonably related to the rehabilitative and public safety goals of probation. *Gawron*, 112 Idaho at 843, 736 P.2d at 1297; *State v. Mummert*, 98 Idaho 452, 454, 566 P.2d 1110, 1112 (1977); *Breeden*, 129 Idaho at 816, 932 P.2d at 939.

2

Whether the terms and conditions of a defendant's probation are reasonably related to the goals of probation and whether constitutional requirements have been satisfied are legal questions over which we exercise free review. *State v. Brauch*, 133 Idaho 215, 218, 984 P.2d 703, 706 (1999); *State v. Jones*, 123 Idaho 315, 318, 847 P.2d 1176, 1179 (Ct. App. 1993).

Cheatham argues the district court incorrectly reviewed the administration of the condition as an agency action, applying an arbitrary and capricious standard. As a result, he asks this Court to "reverse the decision of the District Court with instructions to consider the legality of the condition imposed by probation." The State acknowledges and we agree that review of the condition as an agency action is incorrect. The correct standard is whether the term is reasonably related to the goals of probation. We note, first, that the district court's determination that the term was not arbitrary or capriciously applied was likely in response to arguments by Cheatham regarding agency "rules." Second, in discussing the term, the district court determined that it was not capricious, i.e., "without a rational basis," and was not arbitrary, i.e., "in disregard of the facts and circumstances." Thus, the court determined that the term had a rational basis under the facts and circumstances of the case. Finally, we exercise free review and hold the condition and its application were reasonably related to the goals of probation.

Next, Cheatham advances several constitutional arguments, none of which have merit under the facts and law. Cheatham first argues the condition violates his rights under the Second Amendment of the United States Constitution and several sections of the Idaho Constitution. According to Cheatham, the condition implicates his fundamental right to bear arms "on a mere rational basis." In support of this argument, Cheatham cites cases from other jurisdictions holding restrictions on the right to bear arms are subject to intermediate and strict scrutiny and article I, sections 1, 11, and 23 of the Idaho Constitution. Although Cheatham acknowledges that probationers have a lower expectation of privacy and liberty, he asserts the condition unduly infringes on his right to bear arms and his right to self-defense because the crime he pled guilty to, grand theft by possession of stolen property, did not involve a firearm and does not ban him from owning firearms after his probation is over.

The United States Supreme Court has recognized that "longstanding prohibitions on the possession of firearms by felons" do not violate the United States Constitution. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Further, the provision of the Idaho Constitution guaranteeing the right to bear arms expressly allows "penalties for the possession of firearms by

3

a convicted felon." IDAHO CONST. art. I, § 11. Because Cheatham is a convicted felon, a condition preventing him from residing in a location containing firearms does not violate either the United States or Idaho Constitutions. Further, while we acknowledge that Cheatham's crime did not involve a firearm and does not ban him from owning firearms after his probation is over, it does not follow that the firearm probation condition was impermissible. At the motion hearing, the district manager testified that the purpose of the condition is to protect probationers from charges for possessing a firearm and prevent dangerous situations for probation officers, probationers, and occupants of probationers' residences. Thus, the condition is reasonably related to the rehabilitative and public safety goals of probation.

Cheatham next argues the condition violates his right to family autonomy and cohabitation, and in effect, banishes him from his parents' home. In support of this argument, he notes the United States Supreme Court's recognition that, no matter their age or circumstances, family members often "draw together and participate in the duties and satisfactions of a common home." *Moore v. City of E. Cleveland, Ohio*, 431 U.S. 494, 505 (1977). He further notes cases from other jurisdictions suggesting that one cannot be banished from one's parents' home as a condition of probation.

We agree that the United States Supreme Court has recognized and protected a right to family autonomy and cohabitation; however, the condition here does not violate this right. The condition prevents Cheatham from residing in any location where firearms are present, not from living with his family. Further, at the motion hearing, Cheatham's father testified that he stored his firearms at a friend's house because Cheatham planned to reside at his parents' house during his probation. Thus, the condition does not prevent, and has never actually prevented, Cheatham from living with his family and therefore, does not violate his right to family autonomy and cohabitation.[1]

Cheatham's last constitutional claim is that the district manager's administration of the condition violates his right to equal protection under the United States and Idaho Constitutions. At the motion hearing, the district manager testified that he generally does not allow exceptions to the condition, but he may allow an exception if the probationer lives with someone in law

---

[1] As noted, this Court has held that probation terms and conditions may permissibly "include restrictions on important liberties, such as the right to travel, to change jobs or residences, or even to marry." *State v. Davis*, 107 Idaho 215, 217, 687 P.2d 998, 1000 (Ct. App. 1984).

enforcement. Cheatham argues the district manager's exception to the condition treats probationers with cotenants in law enforcement and probationers without cotenants in law enforcement differently without sufficient justification. The district manager's justification for this exception was that law enforcement personnel are required, by their employers, to have firearms in the home. Cheatham claims this justification focuses on the needs of probationers' cotenants rather than the needs of probationers and is therefore arbitrary and irrational. When this Court performs an equal protection analysis, it identifies the classification under attack, articulates the standard under which the classification will be tested, and then determines whether the standard has been satisfied. *State v. Doe*, 155 Idaho 99, 103-04, 305 P.3d 543, 547-48 (Ct. App. 2013).

In this case, the alleged classification is probationers without cotenants in law enforcement, as distinguished from probationers with cotenants in law enforcement. However, the district manager testified that even probationers who live with someone in law enforcement are not guaranteed an exception to the condition. In addition to whether a probationer lives with someone in law enforcement, the district manager testified that he also considers the probationer's crime, the security of the firearms, and the probation officer's concerns before granting or denying an exception. Thus, it is not clear Cheatham was treated differently solely because he did not live with someone in law enforcement.

Moreover, Cheatham failed to assert which standard this Court should apply to his equal protection claim. Different levels of scrutiny apply to equal protection challenges. *Id.* at 104, 305 P.3d at 548. Thus, he has failed to support his claim with applicable law. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Since clearly the alleged classification would not warrant application of strict, intermediate, or means-focus scrutiny under either the United States or Idaho Constitutions, and even if we presume that rational basis scrutiny would apply, Cheatham's assertion fails. Simply claiming that something someone does not agree with is without rational basis does not make it so, and cheapens the notion in the constitutional context.

Under both the United States and Idaho Constitutions, a classification will pass rational basis scrutiny if it is rationally related to a legitimate government purpose and "if there is any conceivable state of facts which will support it." *Meisner v. Potlatch Corp.*, 131 Idaho 258, 262, 954 P.2d 676, 680 (1998) (quoting *Bint v. Creative Forest Prods.*, 108 Idaho

116, 120, 697 P.2d 818, 822 (1985)). The purported classification here is most certainly rationally related to a legitimate government purpose. While the rehabilitation of probationers is an important goal of probation, the needs of the probationer are not the government's only concern when it places a defendant on probation. The government must also consider the safety of those in contact with the probationer, including cotenants and the general public welfare. Aside from the fact that Cheatham is essentially arguing the rights of his father, not his rights, a host of conceivable facts exist which would make the purported classification rational. Suffice to say that a limited exception allowing law enforcement personnel to have a firearm in the residence rather wisely considers the requirement that those in law enforcement must maintain a weapon as part of their duties and are routinely trained in their handling and safekeeping. As the district court stated, Cheatham, like other probationers, has control of his residence for long, uninterrupted periods each day in which he can gain access to firearms.

## III.

## CONCLUSION

The firearm condition and its application by the district manager were reasonably related to the goals of probation and did not violate Cheatham's constitutional rights. The district court's order denying Cheatham's motion to amend judgment is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.