**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50188**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 11, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRANDEN LOUIS BROWN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for malicious injury to property, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Branden Louis Brown pled guilty to an amended charge of malicious injury to property. I.C. §§ 18-7001(2) and 19-304. The district court sentenced Brown to a unified term of five years, with a minimum period of confinement of three years. Brown appeals, arguing that the district court erred when it did not place him on probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

We note that the decision to place a defendant on probation is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Brown's judgment of conviction and sentence are affirmed.