# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50634 & 50635

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 21, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMES LEROY GONZALEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Judgments of conviction and concurrent, unified sentences of seven years, with a minimum period of confinement of two years, for failure to register and five years, with a minimum period of confinement of two years, for unlawful possession of a firearm, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

In these consolidated cases, James Leroy Gonzalez pled guilty to failure to register as a sexual offender. I.C. § 18-8308(4). The district court sentenced Gonzalez to a unified term of seven years, with a minimum period of confinement of two years. Gonzalez also pled guilty to unlawful possession of a firearm. I.C. § 18-3314(1). In exchange for his guilty plea, the State dismissed an allegation that Gonzales is a persistent violator. The district court sentenced Gonzales to a unified term of five years, with a minimum period of confinement of two years, to

1

be served concurrently with his sentence for failure to register as a sexual offender. Gonzalez appeals, arguing that his sentences are excessive and that the district court should have placed him on probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

We note that the decision to place a defendant on probation is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Gonzalez's judgment of conviction and sentence are affirmed.