## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50580

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JEREMY MIKEL MCQUEEN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 20, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment of conviction and concurrent, unified sentences of seven years, with minimum periods of confinement of two years, for two counts of possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

PER CURIAM

Jeremy Mikel McQueen pled guilty to two counts of possession of a controlled substance. I.C. § 37-2732(c)(1). The district court sentenced McQueen to concurrent, unified terms of seven years, with minimum periods of confinement of two years. McQueen appeals, arguing that his sentences are excessive and that the district court should have placed him on probation.[1]

---

[1] McQueen also pled guilty to and was sentenced for two additional misdemeanors. However, he does not challenge his judgment of conviction or these sentences on appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

We note that the decision to place a defendant on probation is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, McQueen's judgment of conviction and sentences are affirmed.