# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50826

STATE OF IDAHO, )
)  Filed:  April 26, 2024
    Plaintiff-Respondent, )
)  Melanie Gagnepain, Clerk
v. )
)  THIS IS AN UNPUBLISHED
STEPHEN LEE KIMBLE, )  OPINION AND SHALL NOT
)  BE CITED AS AUTHORITY
    Defendant-Appellant. )
)

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Darren B. Simpson, District Judge.

Judgment of conviction of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

PER CURIAM

Stephen Lee Kimble pled guilty to felony driving under the influence.  I.C. § 18-8005(9). In exchange for his guilty plea, an additional charge that he is a persistent violator was dismissed. The district court sentenced Kimble to a unified term of ten years, with a minimum period of confinement of three years.  Kimble filed an I.C.R. 35 motion, which the district court denied. Kimble appeals, arguing that the district court should have placed him on probation.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

We note that the decision to place a defendant on probation is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Kimble's judgment of conviction and sentence are affirmed.