## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50626

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 16, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ROBERT JAMES GREEN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction and concurrent, unified sentences of ten years, with minimum periods of confinement of four years, for three counts of aggravated assault on a police officer and concurrent, unified term of five years, with a minimum period of confinement of three years, for threatening violence on school grounds, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Robert James Green was found guilty of three counts of aggravated assault on a police officer (I.C. § 18-901, 18-905, and 18-915(1)(b)) and threatening violence on school grounds (I.C. § 18-3302I(1)(b)). The district court sentenced Green to unified terms of ten years, a with minimum periods of confinement of four years, for the three counts of aggravated assault on a peace officer and a unified term of five years, with a minimum period of confinement of three

1

years, for threatening violence upon school grounds. The district court ordered that Green's sentences be served concurrently.[1] Green filed an I.C.R. 35 motion, which the district court denied. Green appeals, arguing that his sentences are excessive and that the district court should have retained jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Green's judgment of conviction and sentences are affirmed.

---

[1]     Green was also charged with and found guilty of use of a deadly weapon. However, the judgment of conviction and Green's sentencing does not include this charge.