**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51278**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    **Plaintiff-Respondent,**<br><br>v.<br><br>**CODY ALLEN SANDIFER,**<br><br>    **Defendant-Appellant.** | **Filed: November 25, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and unified term of ten years, with a minimum period of confinement of five years, for possession of a controlled substance with intent to deliver, and a consecutive, indeterminate term of five years, for unlawful possession of a firearm, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Cody Allen Sandifer pled guilty to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1)(B), and unlawful possession of a firearm, I.C. § 18-3316. In exchange for his guilty plea, additional charges were dismissed in other unrelated cases, including an allegation that he is a persistent violator, in the current case. The district court sentenced Sandifer to a unified term of ten years, with a minimum period of confinement of five years, for possession of a controlled substance with intent to deliver, and a consecutive, indeterminate term of five years, for unlawful possession of a firearm. Sandifer appeals, arguing that his sentences

1

are excessive, specifically that the district court should have placed him on probation or retained jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Sandifer's judgment of conviction and sentences are affirmed.