# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52074 & 52075

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 18, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TREVOR ALAN RANDOLPH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Susie Jensen, District Judge.

Judgments of conviction and consecutive, unified sentences of five years, with minimum periods of confinement of one and one-half years, for two counts of felony injury to a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

 In these consolidated appeals, Trevor Alan Randolph pled guilty to two amended counts of felony injury to a child. I.C. § 18-1501(1). In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Randolph to consecutive, unified terms of five years, with minimum periods of confinement of one and one-half years. Randolph appeals, arguing that his sentences are excessive and that the district court should have placed him on probation.

 Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521. The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Therefore, Randolph's judgments of conviction and sentences are affirmed.