# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52165

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

MATTHEW SEAN CORSON,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 9, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Annie O. McDevitt, District Judge.

Judgment of conviction of conviction and unified sentence of seven years, with a minimum period of confinement of one and one-half years, for possession of a controlled substance and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

    Matthew Sean Corson was found guilty of possession of a controlled substance. I.C. § 37-2732(c). Corson also admitted to being a persistent violator. I.C. § 19-2514. The district court sentenced Corson to a unified term of seven years, with a minimum period of confinement of one

1

and one-half years.  Corson appeals, arguing that his sentence is excessive and that the district court should have retained jurisdiction.[1]

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation.  *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005).  Probation is the ultimate goal of retained jurisdiction.  *Id.*  There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation.  *Id.*  The goal of probation is to foster the probationer's rehabilitation while protecting public safety.  *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016).  A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521.  The record in this case shows that the district court properly considered the information before it and determined that retaining jurisdiction was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Corson's judgment of conviction and sentence are affirmed.

---

[1]     Corson was also found guilty of and sentenced for a misdemeanor offense.  However, he does not challenge this judgment of conviction and sentence on appeal.

2