# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52305

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

AELITA SOPHIA KARMEN,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  March 17, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Darla Williamson, Senior District Judge.

Judgment of conviction and unified sentence of ten years with a minimum period of confinement of two years for aggravated assault with a deadly weapon, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

      Aelita Sophia Karmen was found guilty of aggravated assault with a deadly weapon, Idaho Code §§ 18-901(b), 18-905(a), 19-2520.  The district court imposed a unified term of ten years with two years determinate and retained jurisdiction.  Karmen appeals, contending that his[1] sentence is excessive, and that the district court should have "placed him on probation or alternatively, imposed a more lenient indeterminate term of imprisonment."

---

[1]     Aelita Sophia Karmen was born a biological male with the name Cameron Freeman, but later legally changed his name to Aelita Sophia Karmen and began using she/her pronouns.  However, he now prefers to use he/him pronouns.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521. The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Karmen's judgment of conviction and sentence are affirmed.