# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 53167

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 27, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MARK WILLIAM GUSTAFSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for felony driving under the influence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Mark William Gustafson pled guilty to felony driving under the influence. I.C. § 18-8005(6). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Gustafson to a unified term of seven years, with a minimum period of confinement of two years. Gustafson appeals, arguing that his sentence is excessive and that the district court should have placed him on probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The goal of probation is to foster the probationer's rehabilitation while protecting public safety. *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016). A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Gustafson's judgment of conviction and sentence are affirmed.