**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51086**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    **Plaintiff-Respondent,**<br><br>v.<br><br>SAMUEL STERLING GALE,<br><br>    **Defendant-Appellant.** | )<br>)  **Filed:  July 10, 2025**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Order correcting conditions of probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Samuel Sterling Gale appeals from the district court's order correcting conditions of probation. Gale argues that the order violates the Idaho Parental Rights Act, Idaho Code §§ 32-1010, et seq., by precluding contact with his children. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Gale pled guilty to two counts of possession of child sexually exploitative material in one case and three counts of possession of child sexually exploitative material in a second case. I.C. § 18-1507(2)(a). The district court sentenced Gale to concurrent unified terms of ten years with three years determinate on each count and retained jurisdiction. After Gale completed the period of retained jurisdiction in both cases, the district court placed Gale on probation for five years. Gale signed the Idaho Department of Correction Sex Offender Supervision Agreement. In the agreement, he initialed term and condition number 6, which

1

indicated that he "will not initiate, maintain, or establish contact with any person under 18 years of age, without the presence of a chaperone over 21 years of age who has been approved by [his probation/parole officer] and [sex offender treatment provider]." Two years later, the State filed probation violation motions, including that Gale was with five children in his home without a chaperone. While the motions were pending, Gale filed a motion for release from probation or amendment to terms of probation. Gale requested that the district court modify the terms and conditions of probation to remove the restrictions on contact with his children. Gale argued that the prohibition from being with his family and children violated the Idaho Parental Rights Act, I.C. §§ 32-1010, et seq. The district court denied Gale's motion, stating that Gale could provide more information in support of an exception, including that Gale was not a danger being around his children. Recognizing that Gale had not been ordered by a court to participate in specialized sex offender treatment while on probation, the district court entered an order correcting conditions of probation, which included the terms of the Sex Offender Agreement of Supervision. Gale signed a new Idaho Department of Correction Sex Offender Supervision Agreement including the prohibition of contacting persons under the age of eighteen years without approval and the presence of an approved chaperone. The district court dismissed the probation violation motions. Gale appeals.

## II.

## STANDARD OF REVIEW

A district court has discretion to modify any term or condition of probation. *State v. Wrede*, 173 Idaho 195, 200, 539 P.3d 1015, 1020 (Ct. App. 2003); *see also State v. Gibbs*, 162 Idaho 782, 787-88, 405 P.3d 567, 572-73 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Gale claims the district court violated the Idaho Parental Rights Act, I.C. §§ 32-1010, et seq., by imposing a probation term limiting contact with his children. Gale argues that before such

term could be applied, the State was required to present evidence sufficient to meet the strict scrutiny standard under the Act in order to interfere with his right to parent his children. The State argues that the district court properly incorporated the limitation on Gale's contact with his children into the terms of probation.[1]

Idaho Code § 32-1013 reads as follows:

(1) Neither the state of Idaho, nor any political subdivision thereof, may violate a parent's fundamental and established rights protected by this act, and any restriction of or interference with such rights shall not be upheld unless it demonstrates by clear and convincing evidence that the restriction or interference is both:

(a) Essential to further a compelling governmental interest; and
(b) The least restrictive means available for the furthering of that compelling governmental interest.

(2) The foregoing principles apply to any interference whether now existing or hereafter enacted.

(3) Nothing in this act shall be construed as invalidating the provisions of the child protective act in chapter 16, title 16, Idaho Code, or modify the burden of proof at any stage of proceedings under the child protective act.

(4) When a parent's fundamental rights protected by this act are violated, a parent may assert that violation as a claim or defense in a judicial proceeding and may obtain appropriate relief against the governmental entity.

(5) If a parent prevails in a civil action against the state, or a political subdivision thereof, as provided in subsection (4) of this section, the parent is entitled to reasonable attorney's fees and costs.

Gale asserts that because the State did not present evidence that would meet the strict scrutiny standard in the Act in order to justify interference with Gale's right to parent his children, the district court abused its discretion by ordering Gale to have no contact with his children as a condition of his probation. First, we agree with the State that Gale misconstrues the district court's order by claiming that it prohibits Gale from having any contact with his children when, in fact, it only requires an approved chaperone to be present during any contact with any person under the age of eighteen. Second, Gale fails to provide any analysis or case law explaining whether or how I.C. §§ 32-1010 or 32-1013 apply in the probation context, to a probation term requiring an approved chaperone, or in regard to a parent who has been convicted of possession of child

---

[1] The State argues that Gale failed to preserve the argument raised on appeal. Gale raised the issue of a violation of the Idaho Parental Rights Act, Idaho Code §§ 32-1010, et seq., in the district court and so the issue is preserved for appeal.

sexually exploitive material. Gale has waived the issue. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

As an example, Gale argues that he had not previously been ordered by a court to have only chaperoned contact with his children as a term of his probation, and thus, the district court's order including the contact limiting provision was not a "modification" of his probation, which would require Gale to present evidence of a change in circumstance, but rather a new condition of probation. Gale acknowledged that under I.C. § 20-221(2), a probationer who wishes to modify terms of probation must support the motion with a sworn statement attesting to the facts upon which the request to modify is based, and Gale did not present such a sworn statement with his motion to terminate or modify the terms of his probation. While a court had not ordered the chaperone term, Gale had previously signed a probation agreement including the term. Gale filed a motion in the district court asking that the term be eliminated. In response, the district court refused to eliminate the term and, instead, included it as a probation term. Gale cites no authority for the claim that inclusion of a new term to an existing order of probation is not a "modification," or that, even so, it limits the requirement that Gale present evidence of a change in circumstances. Whether Gale asked to eliminate the term from the agreement or the term was added by the district court, Gale fails to provide argument or authority that I.C. § 20-221(2) does not apply or how I.C. § 32-1013 supersedes the district court's authority in I.C. § 19-2601(2) or I.C. § 20-221 to impose limitations on contact with minors as a condition of probation for a sex crime.

Nonetheless, the district court properly included the limitation of contact terms in the probation order. The trial court has broad discretion to impose probation conditions it deems "necessary and appropriate." I.C. § 19-2601 2.; *State v. Mummert*, 98 Idaho 452, 454, 566 P.2d 1110, 1112 (1977). That discretion is limited only by the requirement that the probation conditions be "reasonably related" to the goal of providing "defendant an opportunity to be rehabilitated under proper control and supervision." *Mummert*, 98 Idaho at 454, 566 P.2d at 1112. Idaho Code § 20-221(1) provides that, by order duly entered, the trial court may impose and at any time may modify any terms or conditions of probation.

Gale's conviction consisted of five counts of possession of child sexually exploitative material. Gale admitted during his psychosexual evaluation that he engaged in sexual contact with his girlfriend's young son on two occasions, when he fondled the male child, both over and under his clothing, while the child slept; that he has found images of young children titillating when he

4

had an opportunity to view them; and, that he did become aroused the first time he helped bathe his children but claimed that he no longer does. The presentence investigator found that Gale was a significant ongoing risk to any other children he may have contact with. The psychosexual evaluator recommended that as a term of probation, Gale's "contact with children, including his own children, should be supervised." The district court stated that it had reviewed the entirety of Gale's file, which included the psychosexual report and the presentence investigation report. The district court determined that it was not in the best interests of the individuals involved to grant Gale's motion and release him from the agreed terms of probation. Instead, the district court included the Sex Offender Agreement of Supervision, which included the chaperone term, in the probation order. The district court did not issue a more restrictive no-contact order and approved the chaperone term as a least restrictive option. Substantial and competent evidence before the district court, even if the clear and convincing standard applied, supported the district court's order incorporating the terms of the Sex Offender Agreement of Supervision into the probation order.

## IV.

## CONCLUSION

Gale fails to demonstrate that the district court erred in including the Sex Offender Agreement of Supervision and its chaperone term as a term of probation. Therefore, the district court's order correcting conditions of probation is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.

5